IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JERRY RAY HALL,** | ) |
| | ) **CASE NO. 7:20CV00707** |
| **Plaintiff,** | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **A.M. PLACE,** | ) **By: Hon. Glen E. Conrad** |
| | ) **Senior United States District Judge** |
| **Defendant.** | ) |

Plaintiff Jerry Ray Hall, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant threatened him. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Hall's complaint, the court concludes that he has no legal basis for a § 1983 claim against the defendant and, therefore, the court will dismiss this case without prejudice.

Hall's complaint alleges:

> Mrs. or Ms. Place threaten[ed] offender in a threaten[ing] manner when he is very ill with medical health issue[s].
>
> Also[,] the messages were delivered to Mr. Hall by another officer as a witness for Mr. Hall . . . that this did happen. On 11-1-2020 at 7:[00] pm.

Compl. 2, ECF No. 1. Asked about what relief seeks in this case, Hall states: "neglected, stress in the amount of $179,000." Id.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Allegations of verbal abuse and harassment by guards, without more, do not state

any constitutional claim. Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). Mere words alone, however offensive or disrespectful, do not state any constitutional claim. Carter v. Morris, 164 F.3d 215, 219 n. 3 (4th Cir. 1999) (finding that officers' alleged use of "racial epithets" toward plaintiff did not "by itself rise to the level of a constitutional violation"); Keyes v. City of Albany, 594 F. Supp. 1147, 1155-56 (N.D.N.Y. 1984) (observing that "the use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim" or support a claim of race discrimination).

Hall merely alleges that the defendant threatened him, which the court can only construe as some sort of verbal comment or possibly a threatening physical gesture, nothing more. While threatening or even offensive remarks are disrespectful and disturbing if true, and highly unprofessional, they are not sufficient to form the factual basis of an actionable constitutional claim of any sort. Such actions may violate VDOC procedures. It is well established, however, that a "prison official['s] failure to follow internal prison policies [is] not actionable under [section] 1983 unless the alleged breach of policy rises to the level of a constitutional violation." Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013).

A claim may be dismissed as frivolous if it is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (applying earlier version of 28 U.S.C. § 1915(d) regarding dismissal of claim as frivolous). For the stated reasons, the court concludes that Hall's claims here fall squarely within this category and must be summarily dismissed, pursuant to § 1915A(b)(1), as frivolous. An appropriate order will issue herewith.

The clerk will send copies of the memorandum opinion and order to plaintiff.

**ENTER**: This  20th  day of April, 2021.

_____
Senior United States District Judge